**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

LUIS PONCE, INDIVIDUALLY AND
ARELY PONCE, INDIVIDUALLY and AS
NEXT FRIEND OF Z.M., S.M., and K.P.,
Minors,

       Plaintiffs,

v.                                                                                    Case No. 25-cv-1107-DHU-GJF

ECO MS TRANSPORT INC., ECO MS
GROUP LLC, TELLES DEJUAN
RANDALL, and TELLAS RD TRUCKING
INC.,

       Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSES TO WRITTEN DISCOVERY

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Defendants' Responses to Written Discovery [Dkt. No. 33]. The motion is fully briefed. *See* Dkt. Nos. 34 (response), 40 (reply). After reviewing the briefing, exhibits, and applicable law, the Court determines that no hearing is necessary. For the following reasons, the Court **DENIES AS MOOT** Plaintiffs' request to overrule Defendants' "preliminary statement" but **GRANTS** Plaintiffs' request to overrule Defendants' objections based on overbreadth, undue burden, and relevance.

## I.  PARTIES' ARGUMENTS

Although Plaintiffs attached 100 pages of exhibits to their Motion, their requests are quite narrow. Plaintiffs first request that the Court construe as a discovery objection – and then overrule – two paragraphs of a "preliminary statement" that Defendants included as part of their discovery responses. Mot., Dkt. No. 33, at 2. Of more legal consequence, Plaintiffs also ask the Court to

overrule three *specific* bases of objections that Defendants interposed to the vast majority of Plaintiff Luis Ponce's interrogatories and requests for production.  *Id.* at 3.  Plaintiffs contend that Defendants' objections on the bases of "overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence" are generalized, boilerplate objections that courts in this district routinely condemn.  *Id.*

For their part, Defendants assert that their "preliminary statement" is not an objection at all but instead an advisory disclaimer by which they reserve their right to supplement their answers and production under Federal Rule of Civil Procedure 26(e).  Resp., Dkt. No. 34, at 2-3.  As for their actual objections, Defendants insist that they were sufficiently specific and tailored to the corresponding interrogatory or RFP as to be valid.  *Id.* at 4-5.

## II.   DISCUSSION

The Court agrees with Defendants that their "preliminary statement" is not a discovery objection.  Whether these two paragraphs someday may have legal consequence – or instead amount to a legal nullity – is of no concern to the Court today. Objectively read, the "preliminary statement" is not an independent operative objection but instead simply Defendants' way of reminding their legal adversary that they recognize their opportunity and obligation to supplement as set forth in Rule 26(e).  As the "preliminary statement" offers nothing to overrule, the Court **DENIES AS MOOT** Plaintiffs' request for the Court to do so.

Turning now to Defendants' actual objections, the Court notes that Defendants construe Plaintiffs' Motion to include "a sweeping request that the Court overrule *every* objection raised by Defendants[.]" *Id.* at 3 (emphasis added).  But the Motion is far more modest in scope, as it asks the Court only to overrule three specific categories of objection:  (1) overbroad, (2) unduly

burdensome, and (3) not reasonably calculated to lead to the discovery of admissible evidence. *See* Mot., ¶¶ 3, 6, 7.   The Motion does *not* request that the Court also overrule objections based on confidentiality, privilege, vagueness, ambiguity, or any other basis besides the three enumerated above.

Between them, the four named defendants invoked the three categories of objection at issue in their responses to a total of 33 interrogatories and 109 requests for production. In their brief in opposition, however, Defendants spend little effort defending the merits of any of these objections. They attach no declaration explaining why answering any interrogatory or responding to any request for production presents an undue burden.   Similarly, they shed little light on their relevance or overbreadth objections.   As an example, the only interrogatories that Defendants' brief specifically address dealt with the tires on the semi-truck involved in the collision and any other collisions occurring in the five years preceding the collision in question.   Resp., Dkt. No. 34, at 4. Yet Defendants explain only their belief that tire-related discovery is not relevant because a tire blew out.   *Id.*   The Court can't tell what it was about the five-year look-back window that Defendants find objectionable.   With respect to requests for production, Defendants complain of vagueness, ambiguity, and confidentiality without ever addressing the only three bases of objections addressed by Plaintiffs' Motion.   *Id.* at 5.   It is enough to say that explanations like these offer the Court precious little guidance in how to resolve disputes like this.

The Court has considered the relevant legal standard that shapes the general contours of discovery.   *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").   Guided by that standard, the parties' briefing and exhibits, and the claims and defenses in this lawsuit, the Court **GRANTS** the Motion and **OVERRULES** Defendants' objections to Plaintiff Luis Ponce's interrogatories and requests for production to the extent they were "overbroad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence."[1]

As for remedy, the Court **ORDERS** Defendants – **not later than 14 days after this Order is filed** – to supplement their answers to Plaintiff Luis Ponce's interrogatories and their responses to his requests for production to the extent that any content was withheld on the basis of overbreadth, undue burden, or relevance.[2]

**SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[1] Importantly, the Court is *not* addressing, much less deciding, any other category of objection that Defendants interposed in their responses.   This Order is limited to the scope of Plaintiffs' Motion.

[2] Under Federal Rule of Civil Procedure 37(b)(5), the Court finds that awarding fees to either side in this particular dispute would be both unjust and unnecessary.